IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RESUL CAN,<br><br>*Petitioner,*<br><br>v.<br><br>BRIAN MCSHANE, et al.,<br><br>*Respondents.* | CIVIL ACTION<br><br>NO. 26-135 |

## ORDER

**AND NOW**, this 14th day of January 2026, upon consideration of the Petition for a Writ of *Habeas Corpus*, (Dkt. No. 1), and the Motion for Temporary Restraining Order, (Dkt. No. 2), it is hereby **ORDERED** that the Motion, (Dkt. No. 2), is **GRANTED** as follows:

1. **Can is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)**, and instead may be detained, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a).[1]

---

[1] Resul Can is a citizen of Turkey and was paroled into the United States around June 4, 2022 valid for one year. (Pet. ¶ 54, Dkt. No. 1.) Can married U.S. citizen Melanie Kenza Elokbani on September 13, 2025 and applied for a green card based on their marriage on December 23, 2025. (*Id.* ¶ 55.) ICE agents requested Can report to ICE's Philadelphia Field Office on January 7, 2026 for a credible fear interview and arrested him soon thereafter. (*Id.* ¶ 56.) Can is currently detained at the Federal Detention Center, (*Id.*), and has not received a bond hearing, *see* (*Id.* ¶ 63).

Can filed a federal *habeas* petition on January 9, 2026, alleging violations of the Immigration and Nationality Act, the Administrative Procedure Act and due process. He seeks release from detention and a bond hearing. *See* (Pet. at 14–16). He also moves for a temporary restraining order to enjoin the Government from moving him outside the Eastern District and from detaining him under 8 U.S.C. § 1225(b)(2). (Mot. at 1, Dkt. No. 2). The Government has not yet responded, but "temporary restraining orders do not actually require an opportunity for opposition or papers." *Koons v. Reynolds*, 649 F. Supp. 3d 14, 26 n.6 (D.N.J. 2023).

As Judge Diamond found, several hundred district courts have considered similar allegations as here, and almost all have rejected the Government's position. *See generally Demirel v. Fed. Detention Ctr. Phila.*, No. 25-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025). Can's detention is discretionary—not mandatory—under 8 U.S.C. § 1226(a) and not § 1225(b) for similar reasons. *See id.*

2. All claims against Sirce Owen, Pamela Jo Bondi, Kristi Noem, and Todd Lyons are **DISMISSED**.[2]

3. **On or before January 21, 2026**, McShane shall provide Can with a bond hearing in accordance with 8 U.S.C. § 1226(a).

4. Should the Immigration Judge deny bond, the Director of Immigration and Customs Enforcement for the Philadelphia Field Office **shall provide** Can the opportunity to appeal to the Board of Immigration Appeals.

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.

---

"In these circumstances, the law is clear: The Government detained [Can] pursuant to § 1226(a), which allows him to seek bond at a hearing before an [Immigration Judge]." *Id.*, at *5 (citation modified). Given that basis, the Court need not address Can's APA and due process claims.

[2] "The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242). The proper respondent is Brian McShane, the Acting Field Office Director of Enforcement and Removal Operations, because he can effectuate Can's release. *See Demirel*, 2025 WL 3218243, at *2. But Acting Director of the Executive Office of Immigration Review Sirce Owen, Secretary of Homeland Security Kristi Noem, Attorney General Pam Bondi and Acting Director of ICE Todd Lyons are "remote supervisory official[s]," *Padilla*, 542 U.S. at 435, so the Court dismisses them as Respondents.